(119 App. Div. 793)

WINTERSTEEN v. KRUMBHAAR.

(Supreme Court, Appellate Division, Third Department. May 24, 1907.)

MONEY RECEIVED—RENT OBTAINED THROUGH MISREPRESENTATION—EVIDENCE —ADMISSIBILITY.

Where a tenant rescinded a lease and sued to recover rent paid in advance under the landlord's representation that the premises were not damp, the tenant could not show that while residing in the house his son contracted a cold and tonsilitis, and that other members of the family had tonsilitis and lumbago.

Appeal from Trial Term.

Action by Abram H. Wintersteen against George D. Krumbhaar. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

Wilson, Cobb & Ryan (D. Raymond Cobb, of counsel), for appellant. M. H. Kiley, for respondent.

JOHN M. KELLOGG, J. Upon a trial before the court and jury the plaintiff recovered judgment upon the ground that he had paid rent in advance for premises which were falsely and fraudulently misrepresented to him, and that on account of the misrepresentations he had rescinded the lease and abandoned the premises. One of the principal claims by the plaintiff was that the house was damp, and that at the time of the rental it was distinctly understood that the premises must be dry. Over defendant's objection, plaintiff was allowed to prove, as tending to show the dampness of the premises, that while residing in the house the plaintiff's youngest son was taken with a cold and tonsilitis, and that other members of the family were sick with tonsilitis and lumbago. This was clearly error, as, standing alone, it was not evidence legitimately tending to show that the house was damp.

The judgment is therefore reversed, and a new trial granted, with costs to appellant to abide event. All concur.